IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDDIE WANN                                                                 PLAINTIFF

VS.                                       NO. 05-2112

FREIGHTLINER, LLC                                      DEFENDANT

**FREIGHTLINER LLC'S MOTION FOR SUMMARY JUDGMENT**

Comes Freightliner LLC ("Freightliner"), by and through its attorneys, Barber, McCaskill, Jones & Hale, P.A., and for its Motion for Summary Judgment, states as follows:

1.     This is a U.C.C. warranty and revocation of acceptance case arising out of Plaintiff's purchase of a Freightliner Columbia Tractor. In his complaint, plaintiff seeks damages for Freightliner's alleged breach of the sales contract as well as for revocation of acceptance of the vehicle.

2.     Plaintiff purchased the truck from a local dealer, Barlo World of Fort Smith, Arkansas, on March 10, 2004. (See, Ex. A, the bill of sale). At no time did plaintiff enter into a contract with Freightliner for the purchase of the truck. The only contractual relationship was between Plaintiff and the dealer, Barlo World. It is a fundamental tenet of contract law that in order for one party to be liable for breach of contract to another party, there must be an actual agreement between the two parties. Here, there is no such agreement, and therefore, no breach. Moreover, where there is no agreement, there can necessarily be no revocation of acceptance, as plaintiff alleges here against Freightliner.

3.     Furthermore, plaintiff seeks consequential damages because a "tire that blew out," "two nights in a motel," "loss of credibility," "late shipment" of a load, "layover pay," "out of pocket expenses," "estimated loss of revenue due to truck being out of service,"

additional cost of repairs not covered under warranty, and "any amounts owed by plaintiff to lender." See Plf's Resp. to Int. Nos. 4 & 5, attached hereto as Ex. B.

4. It is undisputed that all relevant warranty documents, including disclaimers of implied and express warranties and limitations of remedy, were timely delivered to plaintiff at the time of the sale and delivery of the truck at issue. Plaintiff admits this fact in his deposition of December 20, 2005, attached hereto as Exhibit E. See, also, Affidavits of Stewart and Waters, Exhibits C and D.

5. The warranty documents clearly and conspicuously disclaim any responsibility for all of the consequential damages claimed herein. In fact, Freightliner disclaims any and all warranties and responsibility for the engine. Any engine warranty is offered only by the engine manufacturer, Caterpillar. The warranty documents explicitly state that the engine is covered by its manufacturer, Caterpillar, and not Freightliner. See Ex. F.

6. For these reasons, there are no genuine issues of material fact and Freightliner is entitled to judgment in its favor as a matter of law.

7. The following exhibits are attached hereto and incorporated herein by reference:

  A. Bill of Sale;

  B. Plaintiff's Responses to Interrogatories and Requests for Production;

  C. Affidavit of Bryan Stewart;

  D. Affidavit of Sean Waters;

  E. Excerpts from deposition of Eddie Wann; and

  F. Owner's Warranty Information.

WHEREFORE, premises considered, defendant Freightliner LLC prays that its motion for summary judgment be granted and for any other just and proper relief to which it may be entitled.

Respectfully submitted,

Barber, McCaskill, Jones & Hale, P.A.
2700 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201
(501) 372-6175

By: _____
Michael J. Emerson        AR BIN 84043
Daniel W. Marvin          AR BIN 05140

## CERTIFICATE OF SERVICE

A copy of the foregoing pleading was placed in the U.S. mail on this ___2___ day of June, 2006, to the following:

Mr. Troy Gaston
Walters, Hamby & Verkamp
1405 West Center, 3rd Floor
Greenwood, AR 72936

_____
Michael J. Emerson
Daniel W. Marvin

3